# STATE OF TENNESSEE ex rel. AARON WADE, Petitioner, v. J. W. NORVELL, Warden, Respondent.

Court of Criminal Appeals of Tennessee. May 27, 1969.

Certiorari Denied by Supreme Court Aug. 4, 1969.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

George F. McCanless, Atty. Gen. of Tennessee, Robert H. Roberts, Asst. Atty. Gen., Nashville, Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The petitioner appeals from the dismissal of his petition for habeas corpus without an evidentiary hearing. After his answer, the respondent moved to dismiss the petition. The Court sustained the motion on the ground that the sole ground alleged for relief was denial of good time while on parole.

On November 20, 1967, the petitioner entered a plea of guilty to larceny from the person and was sentenced to three years in the penitentiary with credit for 360 days in jail awaiting trial. He says that in March, 1968, he appeared before the pardon and parole board and was informed that he had lost all of his good time on a previous 1962 sentence; that the earlier sentence had expired and the board had no authority to take it. The petitioner asks the Court to determine the beginning and final date of his November 20, 1967, sentence.

This petition was filed in the trial court April 29, 1968. It does not contend that the conviction was void or that it had expired. It merely seeks an advisory opinion on the beginning and ending of his sentence. Declaratory relief is not the function of habeas corpus.

From his petition, it appears that the time during which he may be legally detained has not expired. When the petition shows he is lawfully detained and there is nothing in it to indicate that his conviction was void or expired, the trial court may properly dismiss the petition without a hearing. See T.C.A. ·Sec. 23-1831; State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W. 2d 280. It is not necessary to remand this case for the respondent's authority under Ussery v. Avery, Tenn., 432 S.W.2d 656, because the petition does not claim that the sentence has expired.

The judgment of the trial court dismissing the petition is affirmed.

OLIVER, Judge (concurring).

While I concur in the Presiding Judge's opinion in this case, I think it is important to note also that this petitioner simply complains of the action of the State Board of Probation and Paroles with reference to his time credits on a former sentence.

T.C.A. § 40-3619 vests the Board of Probation and Paroles with plenary and exclusive authority and jurisdiction in such matters:

"Hearings on parole violations.—Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the board at its next meeting shall declare such prisoner to be delinquent and time owed shall date from such delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner

charged with violation of his parole. Thereupon, the board shall, as soon as practicable, hold a parole court at such prison and consider the case of such parole violator, who shall be given an opportunity to appear personally, but not through counsel or others, before the board and explain the charges made against him. The board shall, within a reasonable time, act upon such charges, and may, if it sees fit, require such prisoner to serve out in prison the balance of the maximum term for which he was originally sentenced calculated from the date of delinquency or such part thereof, as it may determine, or impose such punishment as it deems proper, subject to the provisions of § 40-3620."

It is now unquestionable that the courts have no jurisdiction to exercise authority or control or command or dominion over the Board of Probation and Paroles in the exercise of its statutory duties with reference to the parole of prisoners and allowance or forfeiture of time credits upon their sentences. Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891.

In State ex rel. Neilson v. Harwood, 183 Tenn. 567, 194 S.W.2d 448, the Court said: "The eligibility of a prisoner to parole at the expiration of the minimum term of his sentence also enters into the judgment of conviction *but the right to a parole at such time rests in the discretion of the Board of Paroles."* (Emphasis supplied.)

In Graham v. State, 202 Tenn. 423, 304 S.W.2d 622, the Court said: "Moreover, a prisoner has no absolute right to be released upon parole where he has a clean

conduct record while in prison and has served the minimum term for his offense."

In Doyle v. Hampton, supra, the Court said that there is nothing that the courts can do about the matter of parole.

The Supreme Court said so in State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744:

"The granting of a parole is a discretionary matter vested exclusively in the Board of Pardons and Paroles. T.C.A. Section 40-3614; Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891 (1960); State ex rel. Greene v. Rimmer, 131 Tenn. 316, 174 S.W. 1134 (1914); Graham v. State, 202 Tenn. 423, 304 S.W. 2d 622 (1957)."

These decisions of our Supreme Court clearly demonstrate that the determination of matters affecting the parole eligibility and time credits of prisoners rests exclusively with the Board of Probation and Paroles, upon consideration of the prisoner's entire institutional record in each case. Were it otherwise, the power and purpose and effectiveness of the Board would be completely nullified.

Thus, this petition presents no justiciable issue whatever.

GALBREATH, Judge (dissenting).

I must respectfully dissent from the concurring opinions of my brethren.

The petition confronting us is so poorly drawn as to be almost unintelligible. It is in the inmate's cursive and

is far below the standards of the average petition prepared by or for a prisoner behind the walls. Counsel was appointed to assist petitioner more than two months before disposition of the State's motion to dismiss. It would seem the first order of business for appointed counsel would have been to cure by amendment the obvious literary and legal deficiencies of the petition, if for no better reason than to have made it easier to read.

In spite of the lack of clarity occasioned by the ineptness of the drafter of the petition, it appears to this writer that his actual complaint is that the sentence under attack has expired. True, he does not say so in exact terms but it seems to me he contends, in effect, that if he is allowed a year's credit for jail time plus good and honor time and, of course, credit for time served that the three year sentence imposed has been completely served. That he is probably wrong in his allegation does not change the fact that he has mounted a justiciable issue going to the legality of his restraint.

If the prisoner contends, as I believe he does, that his term of lawful confinement has expired, he has a right to present such proof as he has to sustain his position since the record before us does not suggest the expiration date.

No question involving the petitioner's right to parole is presented and I find the observations contained in the concurring opinion inapplicable to this case. While agreeing with all of the principles of law expressed reiterating the recognized prerogative of the executive branch of our government to grant and supervise paroles, it is clear that if the Department of Corrections refuses

to release a prisoner upon the expiration of his sentence, relief is available through habeas corpus.

I would have reversed and remanded to allow proof to determine if the petitioner's sentence has expired.