# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## GREGORY SCOTT SPOONER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hancock County**
**No. CR-2490    James E. Beckner, Judge**

---

**No. E2004-02160-CCA-R3-HC - Filed July 7, 2005**

---

The petitioner, Gregory Scott Spooner, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Gregory Scott Spooner, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; C. Berkely Bell, Jr., District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 28, 1993, the petitioner was convicted by a jury in the Hancock County Criminal Court of six counts of rape and one count of exhibiting material harmful to a minor. He was sentenced as a multiple rapist to an effective sentence of forty-eight years incarceration with the Tennessee Department of Correction. The petitioner's direct appeal of his convictions to this court was dismissed because he had escaped from custody. See State v. Gregory Scott Spooner, No. 03C01-9402-CR-00046 (Tenn. Crim. App. June 3, 1994)(order).

On August 2, 2004, the petitioner filed a petition for writ of habeas corpus. He asserted that his sentence was improperly enhanced and he was sentenced as a multiple offender without the requisite number of prior convictions, violating his due process rights and resulting in a void judgment. He sought immediate release from custody or an amended sentencing judgment. The trial court dismissed the petition, finding that "none of the allegations show any violation of due process or unconstitutional custody of the petitioner."

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); T.C.A.. § 29-21-101. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. T.C.A. § 29-21-109.

In the present case, we observe initially that the petitioner has failed to comply with the statutory requirements for pursuing state habeas corpus relief. See T.C.A. §§ 29-21-101 - 29-21-130. Most significantly, the petitioner has not attached copies of the judgments by which he is being restrained or give a satisfactory reason for their absence. See T.C.A. § 29-21-107(b)(2). Although the petition was dismissible on this basis alone, the trial court, within his discretion, nonetheless considered the petition on its merits. See T.C.A. § 29-21-109. Examining the petitioner's claims, this court concludes that they do not merit relief. The petitioner claims that he was erroneously classified as a multiple offender, that enhancement factors were improperly applied, and that his due process rights were violated at sentencing. These claims, even if proven, would render the judgments voidable rather than void. Therefore, they are not cognizable in a habeas corpus proceeding and will not support issuance of the writ. See, e.g., Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Further, because the petitioner has previously sought post-conviction relief and his petition was denied on its merits,[1] he may not present his claims in a second post-conviction petition. See T.C.A. § 40-30-102(c). The trial court properly dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE

---

[1] See Gregory Scott Spooner v. State, No. 03C01-9608-CR-00283 (Tenn. Crim. App. Aug. 31, 1998), app. denied (Tenn. Feb. 16, 1999)(affirming denial of post-conviction relief).