IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

December 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DAVID ELZEY,                  *         C.C.A. # 03C01-9703-CR-00097

          Appellant,          *         JOHNSON COUNTY

VS.                           *         Hon. Lynn Brown, Judge

STATE OF TENNESSEE,           *         (Habeas Corpus)

          Appellee.           *


For Appellant:                          For Appellee:

David Elzey, Pro Se                     John Knox Walkup
NECC # 10095                            Attorney General and Reporter
P.O. Box 5000
Mountain City, TN  37683                Peter M. Coughlan
                                        Assistant Attorney General
                                        425 Fifth Avenue North
                                        Second Floor, Cordell Hull Building
                                        Nashville, TN  37243-0493

                                        David E. Crockett
                                        District Attorney General
                                        Route 19, Box 99
                                        Johnson City, TN  37601



OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

OPINION

The petitioner, David Elzey, filed a petition for habeas corpus relief which was denied by the trial court. In this appeal of right, the petitioner complains that an extension of his release eligibility date by twenty percent pursuant to the policy 502.02 of the Department of Correction constituted cruel and unusual punishment contrary to the state and federal constitutions, a violation of the ex post facto clause of the state and federal constitutions, and an unauthorized exercise of administrative authority.

We affirm the judgment of the trial court.

The petitioner has alleged that he was convicted on August 1, 1988, of six separate crimes occurring in Hardin County and on September 1, 1988, of one crime in Tipton County. He concedes that on June 4, 1990, while lawfully incarcerated, he escaped from the Turney Center prison facility in Only, Tennessee, and was apprehended the next day. Because of the escape, the Department of Correction increased his release eligibility date under his original sentences by twenty percent.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment...." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of

2

the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence or imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

A challenge to the propriety of a release eligibility date or questions about parole or sentence credits have no bearing upon the validity of the convictions. Questions such as this, because the Department of Correction is an agency of the state government, should be addressed through the Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-101 to -324. Thereafter, any judicial review must first be in the chancery court. Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tenn. Code Ann. § 4-5-323.

Accordingly, the judgment dismissing the writ of habeas corpus is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge

3