# IN THE CRIMINAL COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1997 SESSION



FILED

February 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES RAY O'QUINN, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9703-CR-00084 |
| | ) | |
| vs. | ) | Johnson County |
| | ) | |
| HOWARD CARLTON, WARDEN, | ) | Honorable Lynn Brown |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellees. | ) | (Habeas Corpus) |
| | ) | |

**FOR THE APPELLANT:**

CHARLES RAY O'QUINN
N.E.C.C. #100601
P.O. Box 5000
Mountain City, TN 37683
Pro se

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

**OPINION**

Charles Ray O'Quinn, the petitioner, appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, from the trial court's dismissal of his petition for writ of habeas corpus. On July 27, 1989, the petitioner pleaded guilty to two counts of aggravated rape. The offenses occurred in April or May, and in June, 1988. He received Range II sentences of 35 years in the aggregate. The petitioner contends that his convictions for aggravated rape are void because the indictment failed to allege the mens rea for that offense. See State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), rev'd, 954 S.W.2d 725 (Tenn. 1997).

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel v. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, we note initially that the petitioner's claims are not cognizable in a habeas corpus proceeding. The proscriptive statute does not indicate that the accused's culpable mental state is a material element of the offense. Tenn. Code Ann. § 39-2-603 (1982) (repealed 1989). Under these circumstances, "the appellant's challenge is not jurisdictional in nature." Robert Duane Bitner v. Billy Compton, No. 02C01-9610-CC-00336, slip op. at 4 (Tenn. Crim. App., Jackson, Nov. 4, 1997), pet. for perm. app. filed (Tenn. Jan. 8, 1998); see Jackie Slagle v. State, No. 03C01-9704-CR-00145 (Tenn. Crim. App., Knoxville, June 10, 1997), perm. app. denied (Tenn. 1997); State v. Robert Read, Jr., No. 01C01-9603-CR-

2

00106 (Tenn. Crim. App., Nashville, Apr. 3, 1997), pet. for perm. app. filed (Tenn. May 30, 1997); State v. John James, No. 01C01-9601-CR-00016 (Tenn. Crim. App., Nashville, Mar. 27, 1997); State v. John Haws Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. app. denied (Tenn. 1997) (concurring in results only).

In James Clyde Saylor v. Howard Carlton, No. 03C01-9612-CR-00453, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 31, 1997), this court was faced with a habeas corpus petition that, as in the present case, attacked an indictment based upon a pre-1989 aggravated rape, a crime that was defined as "unlawful sexual penetration of another accompanied by any of the following circumstances . . ." including the age of the victim being less than thirteen years. Tenn. Code Ann. § 39-2-603(a)(4) (1982) (repealed 1989). The court found that habeas corpus relief was not available because the defect "about which the petitioner complains did not divest the trial court of jurisdiction or render the subsequent post-indictment proceedings a nullity." James Clyde Saylor, slip op. at 3.

Regardless of the propriety of a procedural disposition of the petition, the petition fails on the more substantive grounds that the indictment is sufficient in all respects.[1] In State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), rev'd, 954 S.W.2d 725(Tenn. 1997), a panel of this court ruled that the statutory offense of aggravated rape did not "plainly dispense" with a mens rea of the crime and thus, the indictment, which did not allege a means rea, did not include an essential element of the offense and was, therefore, void.

First, we note that the petitioner is entitled to no relief under this

---

[1] Based upon the same reasoning, infra, the petitioner's claims are likewise inapposite for a post-conviction petition.

3

court's decision in Roger Dale Hill.  The present appeal

> stems from a denial of a petition for post-conviction relief and involves
> an indictment issued prior to the 1989 changes in the Code.  The
> opinion in Hill was based upon this court's interpretation of T.C.A. §
> 39-11-301(c), which was enacted in 1989.  That statute provides, in
> pertinent part, that "[a] culpable mental state is required within this title
> unless the definition of the offense plainly dispenses with a mental
> element."  Prior to 1989, however, the Criminal Code did not contain
> a comparable statute.  Accordingly, the decision in Hill does not
> control our review of the issue raised herein.

Curtis Newbern v. State, No. 02C01-9702-CR-00071, slip op. at 2 (Tenn. Crim. App., Jackson, July 1, 1997) (order, Tenn. Ct. Crim. App. R. 20); see also Gregory L. Hatton v. State, No. 02C01-9611-CC-00407, slip op. at 2-3 (Tenn. Crim. App., Jackson, Feb. 19, 1997) (order, Tenn. Ct. Crim. App. R. 20) (use of the words found in the language of the pre-1989 statute "sufficiently apprised the appellant of the offense charged under the law at that time").

Furthermore, even if the Hill analysis applies to the present case, our supreme court's decision reversing this court's decision conclusively demonstrates that the petitioner's claim has no merit.  See Hill, 954 S.W.2d 725.

The supreme court in Hill said that a charging instrument which does not allege a culpable mental state, the statutory definition of the crime not plainly dispensing with a mental element, is nevertheless sufficient to support prosecution where

> (1) the language of the indictment is sufficient to meet the
> constitutional requirements of notice to the accused of the charge
> against which the accused must defend, adequate basis for entry of
> a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of Tenn. Code
> Ann. § 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

Hill, 954 S.W.2d at 726-27.  The supreme court scrutinized the Hill indictment under the three-part inquiry above and determined the indictment was legally sufficient to support prosecution of the accused, notwithstanding the absence of an explicit allegation of a mens rea.  Hill, 954 S.W.2d at 727-29.  Specifically, the supreme

4

court noted, "[T]he act for which the defendant is indicted, 'unlawfully sexually penetrat[ing]' a person under the age of thirteen, is committable only if the principal actor's <u>mens rea</u> is intentional, knowing or reckless. Thus, the required mental state may be inferred from the nature of the criminal conduct alleged." <u>Hill</u>, 954 S.W.2d at 729.

We find the indictments at bar to be virtually identical to the aggravated rape indictment upheld in <u>Hill</u>. They closely follow the statutory language describing the crimes. They comply with the statutory form by stating the "facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." <u>See</u> Tenn. Code Ann. § 40-13-202 (1997); <u>Hill</u>, 954 S.W.2d at 727, slip op. at 3. Further, the mental state is capable of logical inference from the conduct alleged. <u>See Hill</u>, 954 S.W.2d at 729; <u>see also</u> <u>State v. Marshall</u>, 870 S.W.2d 532, 537-38 (Tenn. Crim. App. 1993). As the supreme court noted in <u>Hill</u>, the allegation of "unlawfully sexually penetrat[ing]" a victim necessarily requires an intentional, knowing or reckless <u>mens rea</u>. <u>Hill</u>, 954 S.W.2d 729. Therefore, the allegation raises an inference of the required mental state. <u>Hill</u>, 954 S.W.2d at 729.

Accordingly, the indictment satisfies the three <u>Hill</u> requirements for sufficient allegations to support prosecution. <u>See Hill</u>, 954 S.W.2d at 729. The trial court acted properly in summarily dismissing the petition prior to the state's response and prior to a hearing. <u>See</u> Tenn. Code Ann. § 29-21-109 (1997). Moreover, the respondent is obliged to answer only "if [an answer is] required." Tenn. Code Ann. § 29-21-116(a)(1997). "It is only <u>after</u> the writ has been issued and the respondent served that Tenn. Code Ann. § 29-21-116 is applicable." <u>William Jones v. State</u>, No. 01C01-9308-CR-00272, slip op. at 3 (Tenn. Crim. App., Nashville, July 14, 1995), <u>remanded on other grounds</u> (Tenn. 1996); <u>see also State</u>

5

v. Joe Willie Harris, No. 01C01-9309-CR-00304 (Tenn. Crim. App., Nashville, Nov. 10, 1994), perm. app. denied (Tenn. 1995). In the present case, summary dismissal without the issuance of a writ was proper, James Clyde Saylor, slip op. at 3, and hence the respondent need not have been served and was not required to answer. See generally Henry B. Waggoner v. State, No. 01C01-9604-CC-00142 (Tenn. Crim. App., Nashville, July 11, 1997); Calvin Murry v. Herman C. Davis, No. 89-37-III (Tenn. Crim. App., Nashville, Feb. 9, 1990).

The judgment of the trial court is affirmed.


_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE