IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION



FILED

March 30, 1998

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES A. LOVELESS, JR., | * | C.C.A. # 02C01-9706-CC-00219 |
| Appellant, | * | LAKE COUNTY |
| VS. | * | Hon. R. Lee Moore, Jr., Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Charles A. Loveless, Jr., Pro Se
NWCC
Route 1, Box 660
Tiptonville, TN 38079

For Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The petitioner, Charles A. Loveless, Jr., appeals the trial court's denial of habeas corpus relief. He contends his sentence has expired and that he should be released from custody. We disagree and affirm the judgment of the trial court.

Between 1989 and 1991, the petitioner was convicted of escape, theft, and three counts of grand larceny and received an effective fourteen-year sentence. In 1992, he was paroled. One year later a parole revocation proceeding was instituted due to technical violations of the conditions of parole. In 1994, the petitioner was convicted of twelve counts of forgery and received an effective five-year sentence;[1] all of these state court sentences were ordered to be served concurrently with a five-year sentence he had received that same year in federal court.[2] On November 1, 1996, the petitioner was released from federal incarceration and placed in state custody. Once the petitioner was in state custody, parole was revoked on the fourteen-year sentence. He was ordered to begin serving his five-year sentence on May 6, 1997.

He argues that since the federal and the state sentences are concurrent and since he has been released from federal custody, he should be released from state custody as well. He also argues that the Parole Board did not have authority to order him to serve the five-year sentence beginning in 1997, when he had already served it concurrently with his federal sentence.

---

[1] In counts one through four, he received concurrent two-year sentences. In counts five through eight, he received two-year sentences that were concurrent with each other but consecutive to counts one through four. In counts nine through twelve, he received one-year sentences that were concurrent with each other but consecutive to the other sentences.

[2] The judgment form for the federal sentence provides the petitioner was to serve two years in custody followed by a three-year term of "supervised release."

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment...." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

In this case, the June 3, 1994, judgment forms authorize an effective five-year sentence. Even if the petitioner began serving his five-year state sentence in 1994, as he claims, the sentence would not expire until 1999. Also, the record indicates the fourteen-year sentence does not expire until 2001. We must agree with the trial court's determination that the petitioner's sentences have not expired.

The petitioner also complains that the Parole Board acted beyond its authority by ordering the five-year sentence to be served beginning in 1997. He complains that he served it concurrently with the federal sentence.

In ordering the sentence to commence in 1997, the Parole Board was acting under the authority of Tenn. Code Ann. § 40-23-123, which provides, in part, as follows:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or

3

workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

Our Rules of Criminal Procedure also provide guidance:

(3) Mandatory Consecutive Sentences.-- ... [W]here the defendant has additional sentences not yet fully served as the result of convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply to: (A) [A] sentence for a felony committed while on parole for a felony.

Tenn. R. Crim. P. 32. Thus, Rule 32 would require that the five-year sentence be served consecutively to the fourteen-year sentence, whether the judgment form so orders or not. Id.

We decline, however, to rule on the merits of this issue. A challenge to the propriety of a release eligibility date or questions about parole or sentence credits have no bearing upon the validity of the convictions. Because the Department of Correction is an agency of the state government, questions such as these should be addressed through the Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-101 to -324. Thereafter, any judicial review must be initiated in the chancery court. Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tenn. Code Ann. § 4-5-323.

Furthermore, the record is incomplete. The judgment forms for the convictions entered between 1989 and 1991 are not in the record. The transcript of the 1994 sentencing hearing is not in the record. The burden is always upon the appealing party to develop a record which conveys a fair, accurate, and complete account of those proceedings which form the basis of the appeal. Tenn. R. App. P. 13(c); Dearborne v. State, 575 S.W.2d 259 (Tenn. 1978) (order denying petition to

4

rehear).

Accordingly, the judgment dismissing the writ of habeas corpus is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Jerry L. Smith, Judge