# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 17, 2002

## WILLIE JOSEPH LAGANO v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Davidson County
### No. 3125     Seth Norman, Judge

---

### No. M2001-01576-CCA-R3-CO - Filed October 15, 2002

---

Petitioner, Willie Joseph Lagano, filed a petition for writ of habeas corpus in the trial court. The trial court summarily dismissed the petition without an evidentiary hearing. Petitioner appealed. After a thorough review of the record, we affirm the judgment of the trial court.

### Tenn R. App. P. 3; Judgment of the Criminal Court Affirmed.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which J. CURWOOD WITT and ALAN E. GLENN, JJ., joined.

Bruce Poag, Nashville, Tennessee, for the appellant, Willie Joseph Lagano.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pam Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In his petition for writ of habeas corpus relief, Petitioner alleges that he pled guilty in September 1995 to the offenses of aggravated burglary and theft. He received a sentence of six years for the aggravated burglary convictions and three years for the theft, to be served concurrently with each other, but consecutively to a four-year sentence he received "in another county." Petitioner alleges that he was thus ordered to serve an effective sentence of ten years. The judgments of these convictions were not attached to the petition, and no explanation was given for the absence of the judgments. *See* Tenn. Code Ann. § 29-21-107(b)(2).

Although alleging various constitutional violations, the factual basis for Petitioner's complaint is that he was not given a parole hearing by the Department of Correction because of *ex post facto* application of a statute which prohibits a parole hearing for a prisoner sentenced to maximum custody. Petitioner alleges that he was being held in maximum custody by the Department of Correction.

The trial court dismissed the petition without an evidentiary hearing. In its order doing so, the trial court noted that Petitioner had not alleged that his convictions were void or that his sentences had expired. We agree.

While the right to seek habeas corpus relief is guaranteed by Article I, § 15 of the Tennessee Constitution, and is governed by Tennessee Code Annotated sections 29-21-101 *et seq.*, habeas corpus relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court is without jurisdiction to sentence a defendant *or* that the defendant's sentence or other restraint has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

If Petitioner is entitled to relief based upon the facts alleged in the petition, it is not through habeas corpus proceedings. It has long been the law in this State that, if nothing in the petition for writ of habeas corpus indicates that the conviction is void, or that the sentence has expired, the petition can be dismissed without an evidentiary hearing. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *State ex rel. Wade v. Norvell*, 1 Tenn. Crim. App. 447, 443 S.W.2d 839, 840 (1969); Tenn. Code Ann. § 29-21-109. Accordingly, we conclude that the trial court did not err in summarily dismissing the petition.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE