IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## JOHNNY MARVIN HENNING, PRO SE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8446    R. Lee Moore, Judge**

_____

**No. W2003-01975-CCA-R3-HC  - Filed January 30, 2004**

_____

This matter is before the Court upon the State's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner, Johnny Marvin Henning, appeals the trial court's denial of his petition for habeas corpus relief.  Finding that the Petitioner has failed to assert a ground entitling him to habeas corpus relief, this Court affirms the judgment of the trial court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ. joined.

Johnny Marvin Henning, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

In 1995, Petitioner Henning was convicted of unlawful possession of cocaine with intent to deliver and possession of drug paraphernalia. *See State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998).  For this conviction, the trial court ordered Petitioner to serve concurrent sentences of twelve years for the felony offense and eleven months, twenty-nine days for the misdemeanor offense. *Id.*  On direct appeal, this Court remanded for re-sentencing due to a conflict between the bench ruling and the judgment as to the applicable sentencing range. *Id.*

On June 10, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief.  As grounds for the petition, Petitioner alleges the following:
The legality of the warrantless intrusion and surveillance on private property by
Officer Mark Caldwell . . . whether Police officer Mark Caldwell was justified in

his forced entry into residence based on exigent circumstances that he created, and

Whether the drugs and drug paraphernalia found was fruit of the poisonous tree?

On June 23, 2003, the trial court denied habeas corpus relief, finding that the petition failed to allege a proper ground for habeas corpus relief. A petition to rehear was filed on July 7, 2003. The petition was denied on July 23, 2003. A timely notice of appeal was then filed by Petitioner seeking this Court's review.

A writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (Tenn. 1968); *State ex rel. Wade v. Norvell,* 1 Tenn.Crim.App. 447, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment...." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence or imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).

The Petitioner's complaint challenges the officer's "illegal intrusion" into his home. This allegation does not involve a void judgment nor does it involve an expired sentence. Thus, this ground does not entitle Petitioner to habeas corpus relief. Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001) (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

Section 40-30-105(c) (2003 Repl.), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." Considering the application as one for post-conviction relief, we conclude that such petition is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. Petitioner's convictions became final in 1998. Thus, under the applicable statute of limitations, Petitioner had until 1999 in which to file a claim for post-conviction relief. *See* Tenn. Code Ann. § 40-30-202 (*renumbered as 40-30-102 (2003 Repl.)).* Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations. Finally, the validity of the search was raised on direct appeal. Thus, the issue is deemed waived under the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-106(h) (2003 Repl.)

Accordingly, Petitioner is not entitled to post-conviction relief as to this claim.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
JOE G. RILEY, JUDGE

CONCUR:


_____
JOHN EVERETT WILLIAMS, JUDGE


_____
ALAN E. GLENN, JUDGE