IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STEVEN T. LOACH, PRO SE v. KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 236099    Robert Holloway, Judge**

_____

**No. M2003-02085-CCA-R3-HC - Filed March 16, 2004**

_____

The Petitioner, Steven T. Loach, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Steven T. Loach, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 14, 2001, Petitioner pled guilty to two indictments, #234330 and # 236099. In case number 234330, Petitioner pled guilty to felonious operation of a motor vehicle and driving under the influence, 7th offense. Petitioner received a two year sentence for each conviction, with the sentences to be served concurrently. In case number 236099, Petitioner pled guilty to felonious operation of a motor vehicle, driving under the influence, 7th offense, and evading arrest. Petitioner received a two year sentence for each conviction with the sentences to be served concurrently with each other, but consecutive to his sentence in case number 234330.

1

On June 4, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He asserted that his sentence had expired, but the Tennessee Department of Correction had miscalculated his pretrial jail credits and behavior credits. By order entered June 26, 2003, the trial court denied Petitioner's application for habeas corpus relief. Petitioner filed his notice of appeal in the trial court on July 21, 2003.

The State has filed a motion to dismiss this appeal, arguing that Petitioner did not timely file his notice of appeal. However, it appears to this court that Petitioner's notice of appeal was timely filed; therefore, this court has jurisdiction to entertain this appeal. Alternatively, the State has moved the court to affirm the trial court judgment dismissing the habeas corpus petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Petitioner alleges that the Department of Corrections has miscalculated his sentence, and his sentence has expired. However, based upon the record before us, there is no proof that Petitioner's sentence has expired. Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE