# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## COREY A. KENNERLY, PRO SE v. KEVIN MYERS, WARDEN & STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 13144    Robert Holloway, Judge

### No. M2003-02270-CCA-R3-HC - Filed March 16, 2004

The Petitioner, Corey A. Kennerly, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

DAVID H. WELLES , J., delivered the opinion of the court, in which JERRY L. SMITH and, ROBERT W. WEDEMEYER joined.

Corey A. Kennerly, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 28, 1996, Petitioner entered guilty pleas to first degree murder and especially aggravated robbery. Petitioner was sentenced to life imprisonment on the first degree murder charge and 20 years imprisonment on the especially aggravated robbery charge, the sentences to run concurrently. This court affirmed the post-conviction court's denial of post-conviction relief in an opinion filed on April 29, 1999. Corey A. Kennerly, No. 01C01-9806-CC-00252, 1999 WL 270357 (Tenn. Crim. App., Nashville, April 29, 1999), *perm. app. denied*, (Tenn. Sept. 20, 1999). On July 14, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his conviction for especially aggravated robbery was void because the indictments, guilty plea form, and

1

the trial court judgment lacked the signature of the trial court clerk. He further argued that the indictment did not run in the name of the State of Tennessee. The court dismissed the petition on August 14, 2003. Petitioner timely filed a notice of appeal.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Moreover, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). There is no contention that Petitioner's sentence has expired.

Petitioner has alleged that his conviction for especially aggravated robbery is void because the clerk failed to sign the indictments, guilty plea forms and judgment and the indictment did not run in the name of the State of Tennessee. However, a review of the record shows the court clerk's stamp, date, and time of filing on the guilty plea and judgment forms. The record also shows that the indictments ran in the name of the State of Tennessee. Moreover, the signature of the clerk on an indictment is a procedural, rather than substantive, safeguard. Therefore, an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. See Tenn. R. Crim. P. 12(b)(2); Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, *2 (Tenn. Crim. App., Jackson, Dec. 31, 2003); Nelson B. Graves v. Howard Carlton, Warden, No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App., Knoxville, Mar. 25, 1998), *perm. app. denied*, (Tenn. 1998). Petitioner has failed to present any evidence that his sentence has expired or that his conviction for especially aggravated robbery is void. Likewise, Petitioner's argument on appeal that the order dismissing his habeas corpus petition is illegal because it was not signed by the court clerk is without merit. Again, the order is stamped filed by the court clerk and shows the date of filing. Furthermore, the lack of the clerk's signature, even if true, would not render Petitioner's conviction void.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID H. WELLES, JUDGE