# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MANDRALL PORTER, PRO SE v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
#### No. 13153    Robert Holloway, Judge

---

### No. M2003-02525-CCA-R3-HC - Filed June 22, 2004

---

The Petitioner, Mandrall Porter, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. After a review of the record, this court determines that petitioner's claims must fail. Petitioner has failed to present any evidence that his sentence has expired or that his conviction for especially aggravated robbery is void. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and, JERRY L. SMITH, JJ., joined.

Mandrall Porter, pro se.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 20, 1996, Petitioner entered guilty pleas to aggravated rape and aggravated assault. Petitioner was sentenced to twenty-one years for the aggravated rape conviction and three years for the aggravated assault conviction. Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his convictions for aggravated rape and aggravated assault were void because the indictment lacked the signature of the trial court clerk. He further argued that the indictment did not run in the name of the State of Tennessee, as required by Tenn. Const. Art VI, Sec. 12. The court dismissed the petition on September 11, 2003. Petitioner timely filed a notice of appeal.

1

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Moreover, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). There is no contention that Petitioner's sentence has expired.

Petitioner has alleged that his convictions for aggravated rape and aggravated assault are void because the clerk failed to sign the indictments, guilty plea forms and judgment and the indictment did not run in the name of the State of Tennessee. However, a review of the record shows the court clerk's stamp, date, and time of filing on the guilty plea and judgment forms. The record also shows that the indictments ran in the name of the State of Tennessee. Moreover, the signature of the clerk on an indictment is a procedural, rather than substantive, safeguard. Therefore, an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. See Tenn. R. Crim. P. 12(b)(2); Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, *2 (Tenn. Crim. App., Jackson, Dec. 31, 2003); Nelson B. Graves v. Howard Carlton, Warden, No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App., Knoxville, Mar. 25, 1998), *perm. app. denied*, (Tenn. 1998). Petitioner has failed to present any evidence that his sentence has expired or that his conviction for especially aggravated robbery is void. Likewise, Petitioner's argument on appeal that the order dismissing his habeas corpus petition is illegal because it was not signed by the court clerk is without merit. Again, the order is stamped filed by the court clerk and shows the date of filing. Furthermore, the lack of the clerk's signature, even if true, would not render Petitioner's conviction void.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ROBERT W. WEDEMEYER, JUDGE


2