# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ELMER FRITTS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 79893    Ray Jenkins, Judge**

---

**No. E2004-02035-CCA-R3-CO - April 21, 2005**

---

The petitioner, Elmer Fritts, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Elmer Fritts, Henning, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; John Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted in 1985 for carnal knowledge of a female under the age of 12, rape, sexual intercourse by the use of force, incest, and two counts of sexual intercourse with a female less than 13 years of age for which he received an effective sentence of 170 years in prison. On appeal, this court affirmed all but the rape conviction which was reversed and remanded for a new trial.  See State v. Elmer Lester Fritts, No. 1067 (Tenn. Crim. App. Feb. 4, 1987).  The petitioner subsequently challenged his remaining convictions through multiple post-conviction and habeas corpus petitions without success.  See Elmer L. Fritts v. State, No. 1258 (Tenn. Crim. App. Mar. 8, 1990), app. denied, (Tenn. May 14, 1990) (affirming denial of post-conviction relief following full evidentiary hearing); Elmer Lester Fritts v. State, No. 02C01-9210-CC-00243 (Tenn. Crim. App. Sep. 22, 1993), app. denied, (Tenn. Nov. 29, 1993) (affirming dismissal of first pro se petition for habeas corpus relief based on claimed violations of double jeopardy, the statute of limitations, due process, and equal protection of the law); Elmer L. Fritts, Sr., v. James M. Dukes,

Warden, No. W3001-00833-CCA-R3-CD (Tenn. Crim. App. Sep. 6, 2001)(affirming summary dismissal of petitioner's third habeas corpus petition).[1]

On June 15, 2004, the petitioner filed the "petition for illegality restraint" that is the subject of the instant appeal, in which he sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[2] Although the precise nature of his claim is not entirely clear, the petitioner requested an order of the district court "properly reversing" the rape conviction which, as recited above, was reversed and remanded on direct appeal to this court; the appointment of counsel; and a "fair trial" for this offense. Without reference to his remaining convictions and sentences, the petitioner also asserted that he was being illegally restrained as the result of an expired sentence. The petitioner further claimed that he received the ineffective assistance of counsel at trial. The trial court summarily dismissed the petition for failure to comply with the statutory requirements for seeking habeas corpus relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969).

In the present case, we note that the petitioner has failed to comply with the statutory requirements for pursuing state habeas corpus relief. See T.C.A. §§ 29-21-101 through 29-21-130. The petition, without explanation, was not filed in the court "most convenient in point of distance to the applicant," in this case, the Circuit Court for Lauderdale County. See T.C.A. § 29-21-105. Nor did the petitioner attach copies of the judgments by which he is being restrained or give a satisfactory reason for their absence. See T.C.A. § 29-21-107(b)(2). Further, as the state correctly observes, the trial court had no jurisdiction to grant relief pursuant to the cited federal statute. Moreover, the petitioner's claims do not merit relief. The petitioner concedes that this court previously reversed and remanded his rape conviction, the only conviction he appears to challenge. The petitioner's claim of ineffective assistance of counsel, if proven, would render the judgments voidable rather than void, and is therefore not cognizable in a state habeas corpus proceeding. See,

---

[1]This court noted that the petitioner filed a second habeas corpus petition in July 2000, which the trial court construed as a post-conviction petition upon finding that the petitioner's allegations that the trial court did not have jurisdiction to try him, that the statute of limitations had run on the charges, and that he had ineffective assistance of counsel were not cognizable claims for habeas corpus relief. The petition was summarily dismissed. See Elmer L. Fritts, Sr., v. State, No. W3001-00833-CCA-R3-CD, slip op. at _, n.1.

[2]Although the petition is styled in the United States District Court for the Eastern District of Tennessee, it was filed in and disposed of by the Criminal Court for Knox County.

e.g., Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). For each of these reasons, the trial court properly dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE