# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### SHERMAN CLARK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-31405   Lee Vester Coffee, Judge**

---

**No. W2006-02594-CCA-R3-HC   -   Filed August 30, 2007**

---

The Petitioner, Sherman Clark, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Sherman Clark, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On August 24, 2006, law enforcement officers arrested the Petitioner, Sherman Clark, for committing two acts of aggravated assault.  The charges were held over to the Grand Jury on or about October 11, 2006.  The court set bail in the amount of $ 75,000.00.  On October 23, 2006, the Petitioner filed a motion to dismiss, which was dismissed by the trial court on October 26, 2006. On November 9, 2006, the Petitioner filed a *pro se* petition for habeas corpus relief in the Shelby

County Criminal Court, alleging that he is deprived of "his life and liberty with an excessive bail, by an insufficient affidavit of complaint." The Petitioner further stated that "[t]his case must be immediately dismissed because T.C.A. § 40-6-107 authorized that a state's warrant must be executed within (5) days of its issuance or it is void and no legal warrant has been issued in the instant case it bars of served to date to wit." The trial court dismissed the petition on November 13, 2006.

The State has filed a motion requesting that this Court affirm the dismissal of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that the application for habeas corpus relief filed by the Petitioner fails to state a cognizable claim entitling him to relief.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). While habeas corpus relief is available when any person is illegally imprisoned or restrained of liberty, *see* T.C.A. § 29-21-103, 104, the writ of habeas corpus is not the proper vehicle to contest the Petitioner's challenge to the arrest warrant. Within the context of a criminal proceeding, "the grounds upon which habeas corpus relief will be granted are narrow." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Relief is only available in Tennessee when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that a defendant's sentence or other restraint has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Neither of these circumstances is present in this case.

Allegations challenging the affidavit of complaint and arrest warrant are not claims cognizable in a habeas corpus proceeding. If the affidavit of complaint and arrest warrant were invalid and void, that invalidity would not prevent a valid judgment of conviction from being obtained. *See generally James Russell Gann v. State*, No. 03C01-9707-CR-00274 (Tenn. Crim. App., at Knoxville, Jun. 25, 1998). Accordingly, the Petitioner has failed to state a claim upon which the writ of habeas corpus may issue.

Upon due consideration of the pleadings, the record, and the applicable law, the Court concludes that the Petitioner has not established that he is entitled to habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

DAVID G. HAYES, JUDGE

2