IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## JAMES P. HYDE v. HOWARD CARLTON, WARDEN, and STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4094     Robert Cupp, Judge**

_____

**No. E2003-00599-CCA-R3-PC**
**July 31, 2003**
_____

The petitioner, James P. Hyde, appeals the trial court's denial of his petition for writ of habeas corpus. Because the petitioner has failed to state a claim for habeas corpus relief, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

James P. Hyde, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 29, 1993, the petitioner was convicted of rape of a child and sentenced to twenty-five years in the Department of Correction. This court affirmed on direct appeal, see State v. James Perry Hyde, 03C01-9401-CR-00010 (Tenn. Crim. App., at Knoxville, July 31, 1996). Our high court denied application for permission to appeal on March 2, 1998. On February 19, 1999, the petitioner filed a petition for post-conviction relief that was denied by the trial court after an evidentiary hearing. Again, this court affirmed on direct appeal. State v. James Perry Hyde, No. E2000-00806-CCA-R3-PC (Tenn. Crim. App., at Knoxville, March 22, 2001). Our supreme court denied application for permission to appeal on July 2, 2001.

On November 7, 2002, the petitioner filed a petition for writ of habeas corpus alleging that his right to confrontation had been violated when the victim failed to testify at trial and that his trial counsel had been ineffective for failing to file a motion to dismiss based on the failure. The trial court denied the petition without a hearing on the grounds that the petitioner had failed to assert any cognizable grounds for habeas corpus relief.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The state argues that the petitioner's claims, if true, would, at most, render his judgment of conviction voidable, rather than void. It contends that a summary dismissal was appropriate.

In our view, the petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence or that his sentence had expired. Although he has filed a "supplemental" pleading with the clerk of this court asserting that the indictment underlying his conviction was void, none of those claims addresses the facial validity of the judgment or the jurisdiction of the convicting court. See State v. Adkisson, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994).

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE