# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### KEVIN TATE, PRO SE v. BRUCE WESTBROOK, WARDEN

**Appeal from the Criminal Court for Shelby County**
**No. P-27279     Joseph B. Dailey, Judge**

---

**No. W2003-01477-CCA-R3-HC  - Filed March 10, 2004**

---

The Petitioner, Kevin Tate, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Kevin Tate, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In September 1995, a Shelby County jury found the Petitioner guilty of first degree murder. *See State v. Kevin Tate,* No. 02C01-9605-CR-00164, 1997 WL 746441, *1 (Tenn. Crim. App. at Jackson, Dec. 3, 1997), *perm. to appeal denied*, (Tenn. Oct. 5, 1998). The trial court imposed a sentence of life imprisonment. *Id.* His conviction and sentence were affirmed by this Court on direct appeal. *Id.* Petitioner is presently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On April 16, 2003, Petitioner filed, in the Criminal Court of Shelby County, a pro se petition for writ of habeas corpus relief. As basis for relief, Petitioner alleges that his conviction is void

"because the trial court violated Petitioner [sic] 4th Amendment Right for warrantless arrests and also for a McLaughlin violation of T.R.C.P. 5(a) by not taken [sic] the petitioner before a magistrate or an officer 'without unnecessary delay.'" By order entered May 27, 2003, the trial court denied habeas corpus relief, finding that the petition failed to state a cognizable claim for habeas corpus relief. The trial court further determined that, treated as a petition for post-conviction relief, the petition was time-barred.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner has failed to attach to his petition either the copies of the judgment of conviction or the indictment. *See* Tenn. Code Ann. § 29-21-107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.*; *see also State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965). Additionally, the petition was filed in the Criminal Court of Shelby County. Pursuant to section 29-21-105, Tennessee Code Annotated, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. Petitioner has failed to offer explanation as to why the petition was not filed in the county of his confinement. The petition could have been dismissed on this ground alone.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer,* 851 S.W.2d at 164; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner's complaint challenges his initial detention by police officers. This allegation does not involve a void judgment nor does it involve an expired sentence. Thus, this ground does not entitle Petitioner to habeas corpus relief. Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001) (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

2

Notwithstanding, section 40-30-105(c) (2003 Repl.), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." Considering the application as one for post-conviction relief, we conclude that such petition is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. Petitioner's conviction became final in 1998. Thus, under the applicable statute of limitations, Petitioner had until 1999 in which to file a claim for post-conviction relief. *See* Tenn. Code Ann. § 40-30-202 (*renumbered as 40-30-102 (2003 Repl.).* Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations. Finally, the validity of the search was raised on direct appeal. Thus, the issue is deemed waived under the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-106(h) (2003 Repl.). Accordingly, Petitioner is not entitled to post-conviction relief as to this claim.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOE G. RILEY, JUDGE

3