IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


MICHAEL E. MILLS, PRO SE v. WARDEN GLENN TURNER

Appeal from the  Circuit Court for Hardeman County
No. 9624   Jon K. Blackwood, Judge


No. W2003-01908-CCA-R3-HC  - Filed April 5, 2004


The Petitioner, Michael E. Mills, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a ground entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Michael E. Mills, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

On November 3, 1998, Petitioner was convicted in the Davidson County Criminal Court of two counts of especially aggravated kidnapping and two counts of aggravated robbery.  For these convictions, the trial court imposed an effective seventy-four year sentence.  The Petitioner's convictions and sentences were affirmed on direct appeal to this Court.  *See State v. Michael E. Mills*, No. M1999-00842-CCA-R3-CD, 2000 WL 680364, *1 (Tenn. Crim. App. at Nashville, May 25, 2000), *perm. to appeal denied*, (Tenn. Jan. 22, 2001).  Petitioner alleges that he filed for post-conviction relief on January 25, 2002.  However, he maintains that such relief was summarily denied without the appointment of counsel.  On June 23, 2003, Petitioner filed, *pro se*, an application for the issuance of a writ of habeas corpus.  As basis for relief, Petitioner alleged that trial counsel was

1

ineffective. Additionally, Petitioner contends that the failure of the trial court to provide Petitioner with the opportunity to be examined by an expert prior to the sentencing violated his protections against cruel and unusual punishment. Finally, Petitioner states that the trial court improperly imposed consecutive sentences; this error also amounting to a disregard of the Petitioner's right to liberty and denial of due process. By order entered June 26, 2003, the trial court denied relief, finding that the petition fails to qualify as a petition for writ of habeas corpus relief.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner has failed to attach to his petition either the copies of the judgments of conviction or the indictment(s). *See* Tenn. Code Ann. § 29-21-107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.*; *see also State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965).

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer,* 851 S.W.2d at 164; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner's complaint challenges the effectiveness of trial counsel and other alleged infringements of his constitutional rights to due process and a fair trial. These allegations do not involve a void judgment nor do they involve an expired sentence. Thus, these grounds do not entitle Petitioner to habeas corpus relief. Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001) (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

Notwithstanding, section 40-30-105(c) (2003 Repl.), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." Considering the application as one for post-conviction relief, we conclude that such petition is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. Under the Post-

Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations. Next, Petitioner asserts that he filed a petition for post-conviction relief in January 2002. The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102(c) (2003 Repl.). Finally, the propriety of consecutive sentences was raised on direct appeal. Thus, the issue is deemed waived under the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-106(h) (2003 Repl.).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

3