# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## TERRY L. SHROPSHIRE, PRO SE v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
No.190783     Robert Holloway, Judge

---

### No. M2003-01436-CCA-R3-CO - Filed June 25, 2004

---

The Petitioner, Terry Shropshire, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Terry Shropshire, pro se.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On January 9, 1992, the petitioner was convicted of one count of conspiracy to possess 300 grams or more of cocaine with the intent to sell and was sentenced to 25 years as a standard range I offender.  Petitioner was also convicted of one count of attempt to possess 300 grams or more of cocaine with the intent to sell and sentenced to 6 years as a standard range I offender.  On September 1,1995, petitioner was granted parole.  Petitioner subsequently violated the terms of his release, and on July 18, 2002, the Board of Probation and Parole issued a warrant for his return to state custody to serve his twenty-five year sentence.  On April 3, 2003, petitioner filed a petition for writ of habeas corpus alleging that his term of imprisonment had expired.  Specifically, petitioner contended that count one of the indictment, conspiracy to possess 300 grams or more of cocaine, had been dismissed

1

by the court, unbeknownst to petitioner, at a motion for new trial hearing held in May 1992. Petitioner contended that his six year sentence had expired and he should be released from custody. The trial court summarily dismissed the petition, and petitioner filed the instant appeal.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).

Although petitioner contends that his sentence has expired, the record does not support this allegation. Petitioner contends that at a hearing on a motion for new trial in May 1992, the trial court dismissed count one of the indictment, the conviction for conspiracy to possess 300 grams or more of cocaine with the intent to sell, for which he was sentenced to 25 years imprisonment. The record, however, shows otherwise. The record reflects that at the hearing the court overruled the motion for new trial, but sustained a motion to set aside the verdict with regard to count II, the conviction for attempt to possess 300 grams or more of cocaine with the intent to sell, for which petitioner was sentenced to 6 years imprisonment. Petitioner contends that the minute entry showing that the motion for new trial was overruled has been altered or changed to his detriment. The petitioner has not, however, presented any evidence of the same. Petitioner has not filed any documentation supporting his allegation that his sentence of twenty-five years has expired. In fact, the documents he has filed in support thereof, show otherwise. Petitioner has not made any allegation that the judgment against him is void. After a review of the record we conclude that the Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Petitioner has requested counsel; however, we have determined that the appointment of counsel is not "necessary" within the meaning of Tenn. Code Ann. § 40-14-204. The appellant appears to have competently drafted his petition and adequately presented the issues for review to the trial court. *See Fredrick v. State*, 906 S.W.2d 927, 930 (Tenn. Crim. App. 1993). Moreover, a petition for habeas corpus relief may be summarily dismissed if it is apparent from the petition that the petitioner would not be entitled to relief. Tenn. Code Ann. § 29-21-109; *McLean v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Accordingly, we deny petitioner's request for the appointment of counsel. Petitioner has also requested that he be deemed indigent for purposes of appeal. It appears that appellant's request for indigency status is well-taken; therefore, appellant will be deemed indigent for purposes of appeal.

Based on the foregoing, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

2

_____
ROBERT W. WEDEMEYER, JUDGE