# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## MONROE BROWN v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Morgan County
### No. 8590    E. Eugene Eblen, Judge

---

### No. E2003-02512-CCA-R3-HC - Filed August 19, 2004

---

The petitioner, Monroe Brown, appeals the trial court's order denying his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish either a void judgment or an expired sentence. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON AND JAMES CURWOOD WITT, JR., JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Monroe Brown.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; J. Scott McCluen, District Attorney General; Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In March 1986, the petitioner was convicted by a Davidson County jury of second degree murder. He was sentenced as a persistent offender to life imprisonment. On direct appeal, the judgment of the trial court was affirmed. See State v. Monroe Brown, No. 86-221-III (Tenn. Crim. App., at Nashville, Mar. 31, 1987), app. denied (Tenn. June 8, 1987). The petitioner's first petition for post-conviction relief was filed in 1991 and dismissed by the trial court as barred by the statute of limitations. This court affirmed the trial court's decision on appeal. See Monroe Brown v. State, No. 01-C01-9112-CR-00367 (Tenn. Crim. App., at Nashville, Aug. 6, 1992), app. denied (Tenn. Nov. 2, 1992). The petitioner filed two amended post-conviction petitions in 1995. This court affirmed the trial court's judgment on appeal. See Monroe Brown v. State, No. 01C01-9607-CR-00305 (Tenn. Crim. App., at Nashville, Jan. 27, 1998), app. denied (Tenn. Oct. 12, 1998).

On June 6, 1999, the petitioner filed the instant petition seeking a writ of habeas corpus. Therein, the petitioner noted that he was originally charged in the underlying case with three offenses: armed robbery (count 1), first degree felony murder (count 2), and premeditated first degree murder (count 3). At trial, the state voluntarily abandoned count 3 and the trial court instructed the jury on the remaining counts. The petitioner averred that the jury returned with "not guilty" verdicts on count 1 and count 2, but "[i]nstead of sending the petitioner home per the not guilty verdicts, the trial court sentenced him on or about April 14, 1986, to life in prison . . . ." The petitioner argued that under these circumstances, the trial court had no authority to sentence him upon a conviction for second degree murder and the judgment is thus void. Apparently referring to his release classification status, the petitioner further claimed that the judgment is void on its face because "it sets a percentage of 40% for all programs." The petitioner moved the trial court to release him from service of a sentence for an offense of which he alleges he was acquitted and which is based on a judgment that he asserts is "statutorily void." The trial court denied relief, finding that the judgment was not facially void and the petitioner's sentence had not expired.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

The petitioner has not established that he is entitled to habeas corpus relief. Clearly, his life sentence has not expired. Neither does the petition establish a void judgment, "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Moreover, the petitioner's argument that the trial court erred in not accepting "not guilty" verdicts reported by the jury was previously raised and rejected on direct appeal. As this court observed, "the jury was polled and such a verdict was not unanimous. Consequently, it was properly not accepted . . . ." Monroe Brown v. State, No. 01C01-9112-CR-00367 (Tenn. Crim. App. at Knoxville, Aug. 6, 1992), slip op. at __. Finally, the petitioner's claim that the judgment is void because it reflects that he shall not be eligible for work release and other programs until he has served forty percent of his sentence is without merit. The petitioner was sentenced under the Criminal Sentencing Reform Act of 1982 as a Range II, persistent offender. Section 40-35-501(a) of the Act provides that "[u]ntil any such defendant is granted release classification status, such defendant shall be ineligible for work release, trusteeship status, furlough of any sort, educational or recreational release or any program whereby the defendant's term of imprisonment may be

reduced or whereby the defendant may participate in supervised or unsupervised release into the community." In turn, section 40-35-501(d) specifies that "[r]elease eligibility for each defendant sentenced from within Range II shall occur after service of forty percent (40%) of the actual sentence imposed."

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claim of a void judgment. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

GARY R. WADE, PRESIDING JUDGE