# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## PETE WAYNE DUNCAN v. STATE OF TENNESSEE PAROLE BOARD

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8570    R. Lee Moore, Jr., Judge**

─────────────

**No. W2004-01819-CCA-R3-HC  - Filed October 25, 2004**

─────────────

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  A review of the record reveals that the Petitioner is not entitled to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Pete Duncan, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

From the Petitioner's pro se habeas corpus petition, we are able to determine that, on September 17, 2002, he was convicted of theft of property and aggravated burglary in the Shelby County Criminal Court.  For these offenses, Petitioner was sentenced as a persistent offender to fifteen years in the Department of Correction.  The convictions and sentences were the result of a plea bargain and no direct appeal was taken from either the convictions or sentences.  Petitioner is currently confined at the Northwest Correctional Center in Lake County.

1

On June 23, 2004, Petitioner filed a habeas corpus petition in the Circuit Court for Lake County. As grounds for relief, Petitioner asserts that he is being unlawfully restrained of his liberty by the State of Tennessee's Parole and Probation Board. Specifically, he asserts that, as of February 26, 2004, he had received a "majority of votes favorable for parole," with only two board members declining to recommend Petitioner for parole. He contends that the board members failed to comply with the provisions of section 40-28-105, Tennessee Code Annotated, thereby violating his rights to procedural due process. He adds that, since the board did not decline his release from prison, he is being illegally restrained.

The trial court reviewed the petition and, on July 7, 2004, denied the same, finding that the Petitioner's challenge to the actions of the Board of Probation and Parole was not cognizable in a habeas corpus proceeding. Petitioner timely appealed the lower court's decision.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn.Crim.App. 447, 443 S.W.2d 839 (1969). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner has failed to attach either the copies of the judgments of conviction or the indictment(s) to his petition. *See* Tenn. Code Ann. § 29-21- 107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.; see also State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965).

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer,* 851 S.W.2d at 164; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). The Petitioner in this case does not argue that his sentence has expired nor does he argue that his judgment or sentence is void. Rather, Petitioner challenges the actions of the Board of Probation and Parole. Actions by the Parole Board are reviewable by the common law writ of certiorari, *see Thandiwe v. Traugher*, 909 S.W.2d 802, 803 (Tenn. App. 1994), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102. If a habeas corpus petition fails to state a cognizable claim for relief, it may be summarily dismissed. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, the trial court properly dismissed the petition.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE