# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### RAYMOND A. CLARK v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8629   R. Lee Moore, Jr., Judge**

---

**No. W2004-02488-CCA-R3-HC  - Filed March 11, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  A review of the record reveals that the Petitioner is not entitled to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed  Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Raymond A. Clark, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On June 30, 1998, Petitioner, Raymond A. Clark, entered a plea of guilty to one count of attempt to commit first degree murder, one count of attempt to commit second degree murder, one count of aggravated burglary and one count of aggravated assault.  For these offenses, the Petitioner received an effective sentence of twenty years confinement in the Department of Correction.  The Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

1

On September 21, 2004, the Petitioner filed a pro se petition for habeas corpus relief in the Circuit Court for Lake County. As grounds for relief, Petitioner asserts that he is being unlawfully restrained of his liberty resulting from due process violations committed by official members of the State of Tennessee's Parole and Probation Board. Specifically, he asserts that he has been denied parole two times in three years and that the parole board members "failed to identify and note what exception they were using in justification of them in departing from the guidelines in order to further incarcerate petitioner." Petitioner appealed the Board's decisions, but was unsuccessful. The trial court reviewed the petition and, on October 4, 2004, denied the same, finding that the Petitioner's challenge to the actions of the Board of Probation and Parole was not cognizable in a habeas corpus proceeding. The trial court also acknowledged that the Petitioner's sentence had not expired nor were the judgments void. Petitioner timely appealed the lower court's decision.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner has failed to attach either the copies of the judgments of conviction or the indictment(s) to his petition. *See* Tenn. Code Ann. § 29-21-107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.; see also State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965).

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer,* 851 S.W.2d at 164; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). The Petitioner in this case does not argue that his sentence has expired nor does he argue that his judgment or sentence is void. Rather, Petitioner challenges the actions of the Board of Probation and Parole. Actions by the Parole Board are reviewable by the common law writ of certiorari, *see Thandiwe v. Traugher*, 909 S.W.2d 802, 803 (Tenn. App. 1994), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102. If a habeas corpus petition fails to state a cognizable claim for relief, it may be summarily dismissed. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, the trial court properly dismissed the petition.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

2