# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## CHICO LOPEZ CHIGANO v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 2-2004     Buddy D. Perry, Judge**

---

**No. E2004-00679-CCA-R3-HC - Filed April 22, 2005**

---

The petitioner, Chico Lopez Chigano, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Chico Lopez Chigano, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter;  Brent C. Cherry, Assistant Attorney General; James Michael Taylor, District Attorney General; James William Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In January 1980, the petitioner was convicted of aggravated robbery, robbery, and aggravated assault. On direct appeal, this court affirmed the judgments. See State v. Chico Lopez Chigano, No. 674 (Tenn. Crim. App. Oct. 25, 1982), app. denied (Tenn. Dec. 30, 1982).  In July 1989, the petitioner was further convicted for aggravated kidnapping, assault with intent to commit murder in the first degree resulting in bodily injury, murder in the first degree, and two counts of armed robbery.  For these convictions, he received effective sentences of two consecutive life sentences plus 100 years.  The judgments were affirmed on appeal.  See State v. Chico Lopez Chigano, No. 1333 (Tenn. Crim. App. Sep. 26, 1991), app. denied (Tenn. Mar. 23, 1992).

On January 12, 2004, the petitioner filed a pro se petition for writ of habeas corpus challenging his 1980 and 1989 judgments.  The petitioner asserted that all of the judgments were void because they were not signed by a judge.  The trial court dismissed the petition for lack of merit.

The petitioner sought a rehearing and also asserted for the first time that his life sentence for his conviction for assault with intent to commit first degree murder resulting in bodily injury exceeded the maximum allowable sentence of twenty-five years. The trial court denied relief, noting, in relevant part, that under the law applicable to the conviction offense, "punishment . . . shall be a determinate sentence of confinement in the state penitentiary for life or for a period of not less than five years." See T.C.A. § 39-2-103(a), (b) (1982). The petitioner timely appealed.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

In the present case, the petitioner has not established that he is entitled to habeas corpus relief based on his claim of void judgments. A void judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). In support of his petition, the petitioner has not attached copies of the actual challenged judgments as required by statute. See T.C.A. § 29-21-107(b)(2). Instead, he has attached extracts detailing the charged offenses, convictions, and sentences pronounced in the trial court upon each of his convictions. These documents do not contain a place for a judge's signature. Because the actual judgments are not before us, we may not ascertain whether or not they were signed by a judge. In either case, however, the petitioner has not presented a cognizable claim for relief. "It is well-settled law that a trial judge's failure to sign a judgment 'does not give rise to a claim for relief under habeas corpus proceedings.'" Arzolia Charles Goines v. State, No. E2004-00289-CCA-R3-HC, Knox County slip op. at 3 (Tenn. Crim. App. Nov. 1, 2004) (quoting James Russell Gann v. David Mills, Warden, No. E2003-00281-CCA-R3-PC, Morgan County, slip op. at 1 (Tenn. Crim. App. July 24, 2003), app. denied (Tenn. Nov. 24, 2003); see also Gregory Lynn Hollingsworth v. State, No. M2003-01384-CCA-R3-CO, Wayne County (Tenn. Crim. App. Mar.16, 2004); State v. William Paul Eblen, No. E2002-01221-CCA-R3-CD, Knox County (Tenn. Crim. App. Sep. 26, 2003), app. denied (Tenn. Mar. 8, 2004); Michael Thomason v. Kevin Myers, Warden, No. M2002-01346-CCA-R3-CO, Wayne County (Tenn. Crim. App. Dec. 20, 2002), app. denied (Tenn. Mar. 10, 2003). The trial court properly rejected the petitioner's claim and dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claim of void judgments. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE