# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## MICHAEL L. SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4441     Robert E. Cupp, Judge**

---

**No. E2004-02752-CCA-R3-HC     Filed July 13, 2005**

---

The petitioner, Michael L. Smith, appeals from the trial court's order denying his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Michael L. Smith, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 24, 1986, the petitioner entered a plea of guilty to the offense of robbery with a deadly weapon.  Pursuant to his plea agreement, the trial court sentenced the petitioner as a Range II, persistent and aggravated offender, to serve forty (40) years in the Department of Correction.  No direct appeal was taken.  Thereafter, the petitioner sought post-conviction relief based on a claim of ineffective assistance of trial counsel.  The trial court denied the petition following an evidentiary hearing.  On appeal, the judgment was affirmed.  See Michael L. Smith v. State, No. 03C01-9205-CR-00157 (Tenn. Crim. App. Feb. 24, 1993), app. denied (Tenn. June 1, 1993).  On August 10, 2004, the petitioner filed a pro se petition for writ of habeas corpus.  He claimed that his guilty plea was not knowingly and voluntarily entered in that it was based on a "non-existent" statutory waiver of rights provision and that the trial court either failed to accurately inform him or misrepresented to him the law regarding acceptance of his guilty plea.  The trial court summarily denied relief, concluding that the petitioner had failed to present a cognizable claim for habeas corpus relief.  The petitioner timely appealed.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

The petitioner's claim of an involuntary and unknowing guilty plea would not support issuance of the writ because, even if proven, it would render the judgment merely voidable rather than void. See Archer, 851 S.W.2d at 164. The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). As noted, however, the petitioner has previously sought post-conviction relief and the trial court determined the merits of the claims presented following a full evidentiary hearing. Thus, the petitioner is barred by the single-petition provision from seeking post-conviction relief in a subsequent petition attacking the same judgment. See Tenn. Code Ann. § 40-30-102 (c) (2003). Based on the foregoing, the trial court properly denied the petition for writ of habeas corpus.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

 

_____

NORMA McGEE OGLE, JUDGE