IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## CHRISTOPHER A. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 249364     Douglas A. Meyer, Judge**

_____

**No. E2004-01464-CCA-R3-HC - Filed July 21, 2005**

_____

The petitioner, Christopher A. Johnson, appeals from the trial court's order denying his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish a cognizable claim for habeas corpus relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, Jr., J., joined.

Christopher A. Johnson, Chattanooga, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter, and Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On January 13, 2003, the appellant pled guilty in the Hamilton County Criminal Court to forgery, possession of drug paraphernalia, and theft under five hundred dollars. The trial court sentenced him to concurrent sentences of two years for the forgery conviction and eleven months and twenty-nine days for each of the remaining two convictions but suspended service of the sentences and placed him on supervised probation.

On May 4, 2004, the appellant filed a petition for writ of habeas corpus, arguing that the judgments of conviction were void because the trial court ordered the sentences to be served concurrently to a sentence for which the appellant was on parole at the time he committed the forgery, possession, and theft offenses. The appellant also argued that his sentences had expired and that the trial court could not sentence him to probation for his misdemeanor sentences.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. v. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

Tennessee Rule of Criminal Procedure 32(c)(3)(A) "requires that the sentence imposed for [a felony] offense committed while on parole run consecutively to the sentence for the felony for which the offender was on parole." State v. Rickey Hogan, ___ S.W.3d ___, No. W2004-00182-SC-R11-HC, 2005 Tenn. LEXIS 599, *5-6 (Jackson, June 27, 2005); see also Tenn. Code Ann. § 40-28-123(a). This is true "whether the judgment explicitly so orders or not." Tenn. R. Crim. P. Rule 32(c)(3). Initially, we note that only one of the petitioner's offenses in this case was a felony and subject to consecutive sentencing pursuant to Rule 32(c)(3)(A). In any event, the judgments of conviction in this case are silent as to whether they were to run concurrently or consecutively to a prior sentence. Moreover, nothing in the record indicates that the petitioner committed a prior felony offense. Thus, the judgments of conviction are not void on their face.

The petitioner also claims that his sentences have expired due to his having received pretrial jail credits and behavior credits. The appellant received an effective two-year sentence on January 13, 2003. From the face of the judgments, it appears that the petitioner's effective sentence expired in January 2005. Therefore, this issue is now moot.

Finally, regarding his contention that the trial court could not order probation for his misdemeanor sentences, this issue is without merit. Tenn. Code Ann. § 40-35-302(e)(2) provides that a trial court may place a defendant on probation for misdemeanor offenses immediately after sentencing.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE