# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ANDRE L. MAYFIELD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4687     Robert E. Cupp, Judge**

---

**No. E2005-02154-CCA-R3-HC - Filed November 15, 2006**

---

The petitioner, Andre L. Mayfield, appeals the trial court's order denying his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE , J., joined.

Andre Lamont Mayfield, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In May 1993, the Davidson County Grand Jury returned an eight-count indictment charging the petitioner, Andre Lamont Mayfield, with three counts of aggravated rape, three counts of aggravated kidnapping, and two counts of aggravated robbery.  Upon these charges, the petitioner pleaded guilty to three counts of aggravated rape and one count of aggravated robbery and was sentenced as a Range I, standard offender to twenty years for each count of aggravated rape and ten years for aggravated robbery, all concurrent. In January 1999, the trial court was informed that the petitioner's sentence was illegal, as he was required to serve one hundred percent of his imposed sentence as a multiple rapist pursuant to Tennessee Code Annotated section 39-13-523, rather than the imposed release eligibility of thirty percent.  The petitioner was permitted to withdraw his guilty plea and the trial court granted a motion to sever one count each of aggravated rape, aggravated kidnapping, and aggravated robbery. See Andre Lamont Mayfield v. State, No. M2004-01408-CCA-R3-HC (Tenn. Crim. App. Jul. 18, 2005), app. denied (Tenn. Feb. 6, 2006).  In June 1999, the petitioner was tried on the remaining charges and convicted of aggravated robbery, aggravated rape,

rape, and two counts of aggravated kidnapping. The trial court sentenced the defendant to an effective sentence of fifty years as a multiple offender. On direct appeal, this court affirmed the judgment of the trial court as modified to indicate that the petitioner was sentenced as a Range II, multiple rapist for the rape conviction. See State v. Andre L. Mayfield, No. M1999-02425-CCA-R3-CD (Tenn. Crim. App. June 11, 2001), app. denied (Tenn. Oct. 29, 2001).

Subsequently, the petitioner challenged his convictions by filing multiple petitions for post-conviction relief and habeas corpus relief without success. On July 12, 2005, the petitioner filed the instant petition for writ of habeas corpus, his third. In denying the petition for failure to present a cognizable claim for relief, the trial court noted that such filings had "become a continuous endeavor by this petitioner . . . bordering on being frivolous." The instant appeal followed.

The gist of the petitioner's claim is that his 1999 judgments are void because the judgment forms for counts 2 through 5 do not reflect that the trial court awarded the petitioner any pre-trial jail credits on those convictions from the time of his arrest in November 1992 until his August 1999 sentencing following his jury trial convictions as recited above. The petitioner concludes that the imposition of sentences without the award of proper jail credits renders the sentences illegal and the resulting judgments void. In denying the petition, the trial court noted that Department of Correction records provided by the state indicated that the petitioner had in fact been awarded pre-trial jail credits. The court further found that even if pre-trial jail credits had not been awarded, the dispute was not properly addressed in a habeas corpus action because, even if proven, the petitioner's claim would not "render the judgments void, nor would it expire the judgments."

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The petitioner's claim that the trial court improperly failed to award him some seven years of jail credit, even if proven, would render the judgments voidable rather than void. See, e.g., Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Therefore, as the trial court correctly concluded, they are not cognizable in a habeas corpus proceeding and will not support issuance of the writ. Moreover, the burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). There is nothing in the record to support the petitioner's claim of an illegal sentence and void judgment. As noted, the petitioner was convicted of five offenses on judgments entered in August 1999. The petitioner has included only four of the judgments, reflecting his convictions for counts 2 through 5, but has failed to include the judgment on count 1 in the record. The judgments before us reflect that the sentences imposed on counts 3, 4, and 5 were ordered served consecutively to the sentences imposed on counts 1 and two, and that counts one and two were ordered served concurrently to each other. Accordingly, it is evident that no jail credits should have been awarded for counts 3, 4, or 5. We are in agreement with the state's position that the lack of any

complaint about a failure to award jail credits as to count 1 and the failure to include count 1 in the record logically leads to a conclusion that jail credits were likely awarded as to count 1. The lack of relevant information prevents a determination of whether the same credits should have been awarded as to the concurrent sentence imposed on count 2.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claim of illegal sentences resulting in void judgments. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JUDGE