# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ADRIAN WILKERSON v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. 4998    Robert E. Cupp, Judge**

**No. E2007-00382-CCA-R3-HC - Filed March 26, 2008**

The petitioner, Adrian Wilkerson, appeals from the denial of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS , JR., JJ., joined.

Adrian Wilkerson, Mountain City, Tennessee, Pro Se.

Robert G. Cooper, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1996, the defendant was convicted of especially aggravated robbery, first degree murder, and theft over $ 1000.00. The defendant was sentenced to life imprisonment for first degree murder, and to terms of twenty-five years and four years, respectively, for the especially aggravated robbery and four theft convictions. Consecutive sentencing was imposed for an effective sentence of life plus twenty-nine years. On direct appeal, this court modified the especially aggravated robbery sentence to twenty-one years, but otherwise affirmed the judgment. See State v. Adrian Wilkerson, No. 01C01-9610-CR-00419 (Tenn. Crim. App. Aug. 26, 1998), app. denied (Tenn. Sept. 18, 2000). The petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. The trial court denied relief, and this Court affirmed the judgment on appeal. See Adrian Wilkerson v. State, No. M2001-02295-CCA-R3-PC (Tenn. Crim. App. July 16, 2002), app. denied (Tenn. Dec. 9, 2002). The petitioner sought habeas corpus relief based on his claims that the jury was not instructed on relevant lesser-included offense and that he received ineffective assistance at

trial. The trial court dismissed the petition and this court affirmed the judgment on appeal. See Adrian Wilkerson v. State, No. M2002-01385-CCA-R3-HC (Tenn. Crim. App. Nov. 12, 2004), app. denied (Tenn. Feb. 28, 2005).

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

On January 3, 2007, the petitioner filed a second petition for writ of habeas corpus. The petitioner again claimed that the trial court failed to instruct the jury on lesser-included offenses and used an "erroneous" jury form that did not set forth the lesser-included offenses. On January 31, 2007, the trial court denied habeas corpus relief. The trial court found that the petitioner had raised "the identical question" in his first habeas corpus petition that was dismissed. The trial court concluded, as did this court on consideration of the petitioner's previous habeas corpus appeal, that even if the petitioner's claims were proven, they would not render the challenged judgments void, but merely voidable. The petition does not show a void judgment, "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). As a result, the trial court properly dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner failed to establish that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE