# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## BRUCE HUFFINES v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 3182     Jean Ann Stanley, Judge**

---

**No. E2009-01030-CCA-R3-HC - Filed June 16, 2010**

---

The Petitioner, Bruce Huffines, appeals pro se the trial court's summary dismissal of his petition for habeas corpus relief from his conviction for forgery, a Class E felony. The State has filed a motion requesting that this court affirm the trial court's summary dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We conclude the petition fails to state a cognizable claim for habeas corpus relief. The State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT and NORMA MCGEE OGLE, JJ., joined.

Bruce Huffines, appellant, pro se.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was sentenced to two years for forgery, to be served on community corrections. His sentence was ordered to run consecutively to four concurrent sentences for aggravated assault, for which he had been given five years' probation. The Petitioner's probation was later revoked. The Petitioner contends that his two-year community corrections sentence for forgery was illegal because (1) it was consecutive to the prior sentences, (2) the sentence was ambiguous, and (3) he was ineligible for community corrections.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Nothing on the face of the Petitioner's judgment of conviction for forgery shows that it is illegal or that the trial court was without the jurisdiction to impose the sentence. The trial court was permitted to order the Petitioner's sentence for forgery to be served consecutively to his previously imposed sentences for aggravated assault. See Tenn. R. Crim. P. 32(c)(2)(A)(I). In addition, the sentence is not ambiguous. The judgment reflects that the Petitioner was sentenced to two years in the Department of Correction, which was suspended, and the Petitioner was placed on community corrections. See T.C.A. § 40-36-106 (2006). Finally, a prior conviction for aggravated assault does not absolutely preclude later participation in the community corrections program. See Luther Haggard v. State, M2003-02554-CCA-R3-HC, Davidson County, slip op. at 2 (Tenn. Crim. App. June 9, 2004). The trial court did not err in dismissing the petition for writ of habeas corpus.

The State's motion is granted. The opinion provides no precedential value, the proceeding occurred before the trial court without a jury, the action was not a determination of guilt, the evidence does not preponderate against the trial court's findings, and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOSEPH M. TIPTON , PRESIDING JUDGE