IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## JOSE HOLMES v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5452      Lynn Brown, Judge**

**No. E2009-01960-CCA-R3-HC - Filed August 26, 2010**

The Petitioner, Jose Holmes, appeals pro se the trial court's summary dismissal of his petition for habeas corpus relief from his conviction for especially aggravated robbery, a Class A felony, for which he was sentenced as a Range III, career offender to sixty years in the Department of Correction. The Petitioner contends that the judgment is void because the State failed to file a notice of intent to seek enhanced punishment at least ten days before the trial. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

Jose Holmes, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 5, 1994, the Petitioner was convicted by a jury in the Shelby County Criminal Court of attempt to commit first degree murder and especially aggravated robbery. The trial court imposed consecutive sixty-year sentences. On direct appeal, this court affirmed the Petitioner's conviction and sentence for especially aggravated robbery. However, this court reversed the Petitioner's conviction for attempt to commit first degree murder. See State v. Jose Holmes, No. 02C01-9505-CR-00154, Shelby County (Tenn. Crim. App. Dec. 10, 1997), app. denied (Tenn. Sept. 21, 1998). The Petitioner filed a petition for post-conviction relief in which he contended that he received the ineffective assistance of counsel. Following the appointment of counsel and an evidentiary hearing, the trial court

denied relief, and this court affirmed. See Jose D. Holmes v. State, No. W2000-02600-CCA-R3-PC, Shelby County (Tenn. Crim. App. Jan. 30, 2002), reh'g denied (Tenn. Crim. App. May 20, 2002), app. denied (Tenn. May 20, 2002). The Petitioner filed a petition for habeas corpus relief on September 21, 2007, which was dismissed by the trial court for failure to state a cognizable claim. The Petitioner appealed the dismissal, but after he failed to file an appellate brief and failed to show cause why he had not done so, this court dismissed the appeal. See Jose D. Holmes v. Howard Carlton, Warden, No. E2008-01529-CCA-R3-HC, Johnson County (Tenn. Crim. App. Jan. 13, 2009) (Order).

On May 19, 2009, the Petitioner filed a pro se petition for habeas corpus relief in which he contended that his judgment was void because the State did not file a notice of intent to seek enhanced punishment until sixteen days after he had been convicted at the trial. On August 3, 2009, the trial court dismissed the petition because it failed to state a cognizable claim for habeas corpus relief. The notice of appeal was filed with the trial court on September 9, 2009, a week after it was due.

On appeal, the Petitioner contends that the trial court erred in summarily dismissing his petition for writ of habeas corpus. The State contends that the appeal should be dismissed because the Petitioner failed to file a timely notice of appeal and failed to follow the mandatory procedural requirements of the habeas corpus act. The State also contends that the trial court properly dismissed the petition because it failed to state a cognizable claim for habeas corpus relief. We agree with the State regarding the Petitioner's failure to state a cognizable claim for relief.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Although a trial court may dismiss a

petition for failure to follow the procedural requirements of the habeas corpus statutes, dismissal is not required. Id. at 21.

Rule 4 of the Tennessee Rules of Appellate Procedure requires a party to file a notice of appeal within thirty days "after the date of entry of the judgment appealed from." T.R.A.P. 4(a). In the interest of justice, we may waive the timeliness requirement and proceed to analyze the issues raised by the parties. Id. Tennessee Rule of Criminal Procedure 49 provides that filings prepared by or on behalf of a pro se litigant incarcerated in a correctional facility are deemed timely if the litigant delivered the filing to the appropriate individual at the correctional facility within the time set for filing. T.R.C.P. 49(d).

We are unable to determine from the record whether the Petitioner delivered the notice of appeal to an appropriate individual at the correctional facility within the time set for filing. However, his notice of appeal was filed with the trial court one week late. Under these circumstances, we conclude that the interest of justice warrants a waiver of the notice.

On review we conclude the Petitioner's claim does not state a claim upon which habeas corpus relief is available. Proof of any deficiency regarding the State's notice of intent to seek enhanced punishment would, at best, only render the judgment voidable, not void. See Michael Ralph Brown v. David Mills, Warden, No. E2007-01891-CCA-R3-HC, Morgan County, slip op. at 4 (Tenn. Crim. App. Nov. 17, 2008) (holding that deficiencies in the State's notice of enhanced punishment would require extrinsic evidence beyond the face of the record, rendering the judgments of conviction potentially voidable but not void).

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE